XIAN YONG SUN, Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 04–70334.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 12, 2005.

Amos Lawrence, Esq., Attorney at Law,
San Francisco, CA, for Petitioner.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*
Fed. R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Genevieve Holm, Esq., Anthony W. Norwood, Esq., Room 7102N, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, W. FLETCHER, and FISHER, Circuit Judges.

### MEMORANDUM **

Xian Yong Sun, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") affirmance of an Immigration Judge's ("IJ") denial of his applications for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and may reverse only if the evidence compels a contrary conclusion. *Rostomian v. INS*, 210 F.3d 1088, 1089 (9th Cir.2000). We deny the petition.

Substantial evidence supports the BIA's decision that petitioner failed to establish past persecution or a well-founded fear of future persecution. Because petitioner was detained only once after protesting with 40 other individuals at the mayor's office, and did not claim physical injury, and there is no other evidence to establish persecution, petitioner's asylum claim fails. *See Al–Saher v. INS*, 268 F.3d 1143, 1145–46 (9th Cir.2001) (holding that detention where alien was not physically harmed did not compel the conclusion that alien suffered past persecution); *see also Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir.2003)

(holding that alien did not establish past persecution based on religion where she was fired from her job and was harassed, but was never physically harmed).

Because petitioner failed to demonstrate that he is eligible for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Singh–Kaur v. INS*, 183 F.3d 1147, 1149 (9th Cir.1999).

### PETITION DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

